UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER POWANDA ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION |
| ) | NO. 3:14-cv-00846 (JBA) |
| v. ) | |
| ) | |
| INTEPLAST GROUP, LTD., L.P. ) | |
| and FORMOSA PLASTICS ) | |
| CORPORATION, U.S.A. ) | May 27, 2015 |
| ) | |
| Defendants ) | |

---

**INTEPLAST GROUP, LTD., L.P. AND FORMOSA PLASTICS CORPORATION, U.S.A.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL RECONSIDERATION**

---

BARON SAMSON LLP
27 Horseneck Road
Suite 210
Fairfield, New Jersey 07004
(973) 244-0030
Attorneys for Defendants
Inteplast Group, LTD., L.P. and
Formosa Plastics Corporation, USA

## INTRODUCTION

Powanda concedes all but one point in his opposition (the "Opposition" or "Opp.") to defendants Inteplast Group, LTD., L.P. and Formosa Plastics Corporation, USA's (collectively, "Defendants") motion for partial reconsideration (the "Motion"). He only takes issue with Defendants' assertion that "every Connecticut court which has considered the question has applied the single accrual rule to § 52-596's statute of limitations." However, the single, unreported, thirty-plus-year-old case cited by Powanda is completely inapposite. In fact, the dictum from the opinion cited in the Opposition is entirely consistent with the reasoning behind the single accrual view espoused by Defendants. Accordingly, this Court should grant the Motion.

## LEGAL ARGUMENT

### I. POWANDA CONCEDES THAT *AVEDISIAN* IS CONTROLLING

Defendants argue that, under the controlling precedent of *Avedisian v. Quinnipiac Univ.*, where lower state courts have interpreted a state law, such as § 52-596, uniformly, a federal court sitting in diversity should adopt the same interpretation. 387 Fed. Appx. 59, 2010 U.S. App. LEXIS 14977, 2010 WL 2838540, (2d Cir. July 21, 2010). Powanda's circuitous statement that "Defendants support their Motion … almost entirely upon case law which was previously considered by the Court[1]" belies the fact that ***the Opposition does not dispute that Avedisian is***

---

[1] Furthermore, the Motion is appropriate because it is in response to the Court's *sua sponte* reliance on *Watts v. Chittenden*, 301 Conn. 575, 588, 22 A.3d 1214 (2011), a case which no party cited in its briefing. Motion at 4; Ex. A. Under Local Rule 7(d), reply briefs "must be strictly confined to a discussion of matters raised by the responsive brief." Defendants' briefed the single accrual view on reply in response to Powanda's haphazard argument that this Court should apply principles espoused in federal cases interpreting federal law to § 52-596. Motion at 3; Ex. C at 6-7. Defendants' could not have divined the Court's *sua sponte* application of *Watts* to § 52-596 from Powanda's Opposition. Accordingly, Defendants' never had an opportunity to address the issues raised in this Motion and this Court should reconsider its April 2, 2015 Ruling On Defendants' Motion To Dismiss (the "Opinion") in light of the controlling *Avedisian*.

*controlling* here. Opp. at 1. Accordingly, this Court should deem Powanda as having conceded Defendants arguments regarding the applicability of *Avedisian*.

## II. POWANDA'S SOLE CASE-CITE IS CONSISTENT WITH THE "SINGLE ACCRUAL" VIEW OF § 52-596

"Defendants advocate the [uniformly adopted] view that a cause of action under § 52-596 accrues only once: when an employer refuses to compensate an employee according to the terms of an express or an implied contract (the "single accrual" view) […] [u]nder this view, a plaintiff is barred from bringing *all claims* for lost wages two years after the employer *first informs* the employee of the refusal to pay." Motion at 3 (internal citations omitted). Defendants further argue that because the single accrual view has been uniformly adopted by Connecticut courts, this Court is bound to adopt it under the holding in *Avedisian*. The Opposition accepts Defendants' interpretation of *Avedisian* but, "in response […] submits that no such unanimity exists" by citing to *Commissioner of Labor v. Tomborello*, 1993 WL 394474 (September 22, 1993), for the proposition that "non-payment of wages is a continuing matter." Opp. at 2-3, Ex. A.

Powanda's citation to *Tomborello* is misleading and incomplete. As an initial matter, the portion of the opinion cited by Powanda is dictum because the case was dismissed on the grounds of standing rather than the statute of limitations. *Id.* at 5. Furthermore, *Tomborello* is not a "first refusal" case. Rather, *Tomborello* is a case where the Commissioner of Labor brought suit against an employer for violation of the minimum wage law on behalf of two employees **who didn't even know they had wage claims** until the Commissioner "discovered" their existence sometime after their employment was terminated. *Id.* at *1. In addition, the Commissioner's claim was based on calculations that were so complex and esoteric that the opinion states "the [Commissioner's] method of computation has no basis in the statutes or regulations nor has any legal ruling been cited for such computations." *Id.* In other words, *Tomborello* presents the exact opposite of this

2

case, where Powanda alleges that the Defendants' sat him down and affirmatively told him that they were going to reduce his commission.[2]

Furthermore, *Tomborello* is entirely consistent with Defendants' position that a cause of action under § 52-596 accrues only once. Faced with a situation where the employees discovered their employer's alleged wage violations ***after*** their employment had terminated, the Court held that the employees' cause of action accrued only once: on their last date of association with the employer; which was more than a year ***before*** the employees' discovery. *Id.* at *5. Therefore, the holding in *Tomborello* is more restrictive than the "first refusal" view. If the *Tomborello* Court had applied a "first discovery" view of accrual, both the employees' claims would have been timely since they both discovered their causes of action approximately one year before the Commissioner filed suit. Instead, the opinion tied accrual to their last dates of employment, thereby time-barring one of the employees from the case. Accordingly, Powanda has failed to cite any case to rebut Defendants' assertion that the "single accrual" view is uniformly applied in Connecticut Courts. Under *Avedisian*, this Court should grant the Motion.

---

[2] Powanda also mentions, without providing any further analysis, that he "'repeatedly asked for sales reports and/or commission statements' and, at the least, claims entitlement to 0.5% commissions related to all CEVN/Wolf sales between April 22, 2010 to February 14, 2014." Opp. at 3 (internal citations omitted). Defendants can only infer that Powanda is pointing this out in an attempt to revive his previously rejected request to recover unspecified commissions on a breach of contract theory. However, this Court has already dismissed that portion of the Complaint. See the Opinion, which is attached as Ex. A to the Motion, at 8-11. Since Powanda has not filed a motion for reconsideration, he is not entitled to re-open an issue which has already been decided by this Court. Accordingly, this Court should ignore Powanda's throwaway comments.

3

## CONCLUSION

Based on the foregoing, this Court should grant Defendants' motion for partial reconsideration.

Respectfully submitted,

DEFENDANTS
Inteplast Group, LTD., L.P. and
Formosa Plastics Corporation, USA

/s/ Scott D. Baron— phv06854
SCOTT D. BARON
sbaron@baronsamson.com)
ALBERT M. LEVI (phv06855)
E-mail: alevi@baronsamson.com
BARON SAMSON LLP
27 Horseneck Road, Suite 210
Fairfield, New Jersey 07004
Tel: (973) 244-0030
Fax: (973) 244-0016

and

Matthew M. Horowitz (ct 01747)
Wolf, Horowitz & Etlinger, LLC
99 Pratt Street, Suite 401
Hartford, CT 06103
(860) 724-6667
Juris No. 402488
mhorowitz@wolfhorowitz.com

Dated: May 27, 2015